## WEAVER *vs.* GARNER ET AL.

An injunction will always be dissolved when all the equity in the bill is fully denied by the answers; and when the reasons for dissolving the injunction, so far as the rights and equities of the parties are concerned, are much stronger than for retaining it.

Weaver vs. Garner, et al.

In Equity, in Clay Superior Court.   Decision by Judge KIDDOO, at Chambers, 10th June, 1859.

This was a bill in equity, filed by Shelton R. Weaver against Thomas Garner and others, to enjoin the collection at law of a promissory note of three thousand dollars, given by complainant to Garner, and which, by successive transfers, had come to the hands of Alexander E. Green, who had instituted his action at law for its recovery.

The bill states that this note was given in part of the purchase money of a settlement of land sold by Garner to complainant—the entire purchase money being $6,000, three thousand of which was paid in cash.   That said land, or at least a large and valuable fraction, had been levied on under an execution in favor of William Castlebery against one Thomas J. Watts, as the property of Watts—that said levy had been made at the time complainant purchased said lands from Garner, who undertook and promised to interpose his claim thereto, and in the event that said land was made subject to said execution that he would pay off and satisfy the same—that Garner had left the State and removed to Texas, and abandoned said claim, and that complainant had been compelled to interpose his claim to said premises, and that the same was pending in the Superior Court of Clay county.   That Garner and his wife having difficulties had entered into an agreement for a voluntary separation, under which he turned over to her the property which he had received by her upon their intermarriage, and, amongst other things, this note on complainant for $3,000.   That afterwards Mrs. Garner obtained a divorce, and subsequently married William W. Farnum, who received said note from his wife; that one John B. Vanover became interested with Farnum in said note, as part owner of the same, and that finally it came into the possession of Green, who had commenced his action at law thereon.

Green, Vanover, and Farnum and wife, severally answered the bill. The substance of these answers were, that the note had been transferred by Garner to his wife under the circumstances stated in the bill, but that Weaver, the complainant, and who was the brother-in-law of Mrs. Garner, acted as her friend, adviser and agent in the settlement and arrangement of her affairs with Garner, and that he advised her to take said note as a part of the fund or money which Garner had agreed to pay to her, and that he as her agent received said note from Garner and held the same for her until her marriage with Farnum, to whom he turned it over, after their marriage, as part of her estate, and that he at no time made any objection to paying said note, but always asked for indulgence, and never intimated that the same was not justly due, or that he had any defence thereto. That said note had been subsequently transferred and was now held and owned by Green *bona fide*, for valuable consideration and without notice of any defence or equities against it on the part of Weaver, the maker.

Upon the coming in of the answers, defendants moved to dissolve the injunction, which had been granted. After argument, the judge granted the motion and dissolved the injunction; to which decision complainant excepted.

LAW & SIMS, and PERKINS, for plaintiff in error.

STROZIER & SMITH, and HOOD, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Was the court right in dissolving the injunction in this case? We think so, most clearly.

Not only is the equity of the bill most fully and explicitly denied by the answers of the defendants, but there are strong reasons furnished by the answers why the injunction should not be continued. The rights of the

third persons in the note and which were acquired on account of the representations made by the complainant, Weaver, to them as to the circumstances under which the note was delivered over to Mrs. Farnum before they became interested in it, afford strong ground for dissolving the injunction. There are two facts which operate against holding up this injunction. In the first place, there is great probability that Weaver will succeed in the claim case now pending as to the title to this land. And not withstanding a new trial has been granted, the chances are that he will hold the land.

Again, it is not alleged in the bill that Garner is insolvent. True, he has removed to Texas; still, under all the circumstances of the case, it is more just that Weaver should follow Garner to a foreign jurisdiction, should he lose the land, than that the rights and equities of Farnum and wife, and Vanover and Green, should be defeated and they be driven to seek their redress abroad against Garner. It is doubtful whether they could assert any claim successfully against Garner, on the faith of the voluntary settlement made between Garner and wife—they were divorced. Could she go behind that divorce and set up any claim to Garner's property? Weaver certainly can go against Garner, should he lose the land. It is doubtful whether Mrs. Farnum can; and if she has been misled in any way, it was by her agent and next friend, Mr. Weaver.

We had some doubt as to the legality of the settlement between Garner and his wife; but that question was elaborately discussed and solemnly adjudicated in the case of Chapman vs. Gray, (8 Ga. Rep., 341).

Judgment affirmed.